**This order is SIGNED.**

**Dated: June 15, 2021**



slo

Armand J. Howell, Bar Number 10029
Benjamin J. Mann, Bar Number 12588
HALLIDAY, WATKINS & MANN, P.C.
Attorneys for The Bank of New York Mellon f/k/a The Bank of New York as successor in interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2003-37A
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Telephone: 801-355-2886
Fax: 801-328-9714
Email: armand@hwmlawfirm.com
File No: 50765

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| In re: | Bankruptcy Case No. 20-24039 KRA |
| --- | --- |
| BRADY R PORTER | Chapter 13 |
|  | **ORDER BASED ON STIPULATION** |
| Debtor. | **TO CURE POST-PETITION ARREARAGE** |

Based upon the previously filed stipulation, entered into between The Bank of New York Mellon f/k/a The Bank of New York as successor in interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2003-37A, by and through its attorney, Armand J. Howell, and the Debtor, by and through the attorney, Jarred A. Henline, and for good cause appearing,

IT IS HEREBY ORDERED:

1.  That in the event any of the payments set forth in the foregoing stipulation are not made as required by that stipulation, then The Bank of New York Mellon f/k/a The Bank of New York as successor in interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2003-37A and its successors and assigns, by proceeding as set forth in the said stipulation, may obtain an ex parte order modifying and terminating the automatic stay with respect to the following described real property:

> Lot 27, Wimbleton Subdivision, according to the official plat thereof, records of Utah County, State of Utah;
> Commonly known as 6599 West 10030 North, Highland, UT 84003;

to permit The Bank of New York Mellon f/k/a The Bank of New York as successor in interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2003-37A and its successors and assigns to pursue its rights and remedies under state and federal law.

2.  In the event the stay is terminated, the unpaid pre-petition default amounts shall be excluded from the Chapter 13 plan and an amended proof of claim showing the same shall be filed with the court within 180 days of relief from stay or such claim shall be paid $0.00 under the amended plan and a copy shall be mailed to the Chapter 13 Trustee.

3. That the debtor shall cure, within 30 days, any delinquency which may exist in their Chapter 13 plan payments.

4. The terms and conditions set forth herein governing the continuation and termination of the automatic stay shall not be amended or altered or superseded by the confirmation order entered in this case but shall be considered a part of and integrated into the confirmation order.

5. That if the automatic stay is terminated pursuant to this order prior to confirmation, the automatic stay shall not be reimposed by the entry of the confirmation order.

6. In the event that this case is converted to another case under Chapter 11 of the U.S.C., this agreement shall be valid and binding on any additional party, including an appointed trustee.

END OF ORDER

**DESIGNATION OF PARTIES TO BE SERVED**

Service of the foregoing **ORDER BASED UPON STIPULATION TO CURE POST-PETITION ARREAGES** shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

| | |
|---|---|
| Lon Jenkins<br>Chapter 13 Trustee<br>ecfmail@ch13ut.org<br>1neebling@ch13ut.org | United States Trustee<br>USTPRegion19.SK.ECF@usdoj.gov |
| Jarred A. Henline<br>Debtor's Attorney<br>jarred@henline-law.com | Armand J. Howell<br>HALLIDAY, WATKINS & MANN, P.C.<br>Secured Party's Attorney<br>armand@hwmlawfirm.com |

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

Brady R Porter
6599 W 10030 N
Highland, UT 84003

                /s/ Armand J. Howell
                Armand J. Howell
                Attorney for Secured Creditor

Armand J. Howell, Bar Number 10029
Benjamin J. Mann, Bar Number 12588
HALLIDAY, WATKINS & MANN, P.C.
Attorneys for The Bank of New York Mellon f/k/a The Bank of New York as successor in interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2003-37A
376 East 400 South, Suite 300
Salt Lake City, UT 84111
Telephone:  801-355-2886
Fax:  801-328-9714
Email: armand@hwmlawfirm.com
File No:  50765

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| In re:<br><br>BRADY R PORTER<br><br>Debtor. | Bankruptcy Case No. 20-24039 KRA<br><br>Chapter 13<br><br>**STIPULATION TO CURE POST-PETITION ARREARAGE**<br>[Filed Electronically] |
|---|---|

The Bank of New York Mellon f/k/a The Bank of New York as successor in interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2003-37A ("Secured Creditor"), by and through its attorney, Armand J. Howell, and the Debtor, by and through the attorney, Jarred A. Henline, hereby stipulate as follows:

1. That through June 4, 2021, the Debtor is in arrears four (4) months on post-petition mortgage payments of $1,707.87 each, for March, 2021 through June, 2021, totaling $6,831.48 and agrees to pay those amounts as set forth below.

1

2. That Secured Creditor has expended reasonable attorney fees and expenses in this action in the sum of $1,238.00, which amount Debtor agrees to pay as set forth below.

3. Debtor agrees to make the following payments to cure the post-petition arrearage and other amounts owing as set forth in paragraphs 1 and 2 above (said payments also include current payments commencing with the July, 2021 payment):

    a. Payment of $2,041.28 in certified funds to Secured Creditor on or before June 16, 2021;

    b. Regular payments in the amount of $1,707.87 (or any additional amount as required by the Note or Trust Deed) due on or before the first day of each month for the months of July, 2021 through December, 2021;

    c. $1,004.70 due on or before July 15, 2021;

    $1,004.70 due on or before August 15, 2021;

    $1,004.70 due on or before September 15, 2021;

    $1,004.70 due on or before October 15, 2021;

    $1,004.70 due on or before November 15, 2021;

    $1,004.70 due on or before December 15, 2021.

4. Debtor shall make regular monthly payments of $1,707.87 (or any additional amount as required by the Note or Trust Deed) due on the first day of each month commencing January, 2022, and thereafter and payable directly to Nationstar Mortgage, LLC d/b/a Mr. Cooper, PO Box 619094, Dallas, TX 75261-9741. Debtors also agreed to pay with the payments above in paragraph 3 any additional amount, if any, due to an increase in the monthly reserve requirement following notice by Secured Creditor.

5. In the event the payment required by paragraph 3(a) is not made in full within ten

(10) days of when due as set forth above, then Secured Creditor may immediately obtain an ex parte order terminating the automatic stay by presenting an affidavit of nonpayment to the Court without need for further notice or hearing so that it may continue with its foreclosure proceedings.

6. In the event any of the regular monthly payments required by paragraph 3(b) or 3(c) and any payments required by paragraph 4 are not paid when due, then Secured Creditor may obtain an ex parte order terminating the automatic stay as outlined above, but only after giving written notice of the nonpayment to Debtor and Debtor's attorney, and the unpaid amounts, plus any payments coming due within the ten (10) day period following the date of the notice, remain unpaid for ten (10) days following the date of the notice.  Notice shall be by certified mail and shall be complete upon deposit in the U. S. Mail. However, and notwithstanding the foregoing to the contrary, in the event three such written notices are given and there is a fourth default by Debtor, then Secured Creditor shall be entitled to an ex parte order terminating the automatic stay by presenting an affidavit and order to the Court, but without the necessity of giving a fourth written notice or any other notice to Debtor.

7. All written notices required hereunder shall be addressed as follows:

Brady R Porter                              Jarred Henline
6599 W 10030 N                              770 E Main Street #348
Highland, UT 84003                          Lehi, UT 84043
Debtor                                      Debtor's Attorney

8. The acceptance by Secured Creditor of a late or partial payment shall not act as a waiver of Secured Creditor's right to proceed hereunder.

9. In the event Debtor is delinquent in Chapter 13 plan payments, Debtor agrees to cure the delinquency within 30 days.

10. With respect to Rule 4001(a)(3), the Court should allow immediate enforcement

of any order for relief granted in accordance with this stipulation and the order filed herewith.

11. The Court is requested to execute the Order Based on Stipulation to Cure Post-Petition Arrearage filed herewith.

DATED this 9th day of June 2021.

/s/ Armand J. Howell

Armand J. Howell

The Bank of New York Mellon f/k/a The Bank of New York as successor in interest to JP Morgan Chase Bank, N.A. as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2003-37A